**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **REY DENZO KAZEMI, #21084-112,** | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **3:06-CV-0643-H** |
| | ) | **ECF** |
| **UNITED STATES OF AMERICA,** | ) | |
| **Respondent.** | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this cause has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a *pro se* habeas corpus action brought pursuant to 28 U.S.C. § 2241, *et seq*, by a federal prisoner.

Parties:  Petitioner is presently confined at the McRae Correctional Facility in McRae, Georgia.

Statement of the Case:  Petitioner pled guilty to conspiracy to possess a controlled substance and was sentenced to 84 months imprisonment and a three-year term of supervised release on January 22, 2004. *United States v. Kazemi*, 3:02-CR-060-H(02) (N.D. Tex., Dallas Div.).  Petitioner did not appeal.

In this case, Petitioner is not challenging his criminal conviction. Instead, he alleges his sentence should be reduced because the immigration detainer lodged against him prevents him

from participating in residential drug rehabilitation programs or early release programs which the Bureau of Prisons offers at his facility.  Petitioner also seeks a reduction of his sentence under 18 U.S.C. § 3582(c)(2) because of *United States v. Booker*, 543 U.S. 220 (2005).

In Response to this Court's order to show cause, the government filed a response seeking dismissal of the § 2241 petition for want of jurisdiction, and dismissal or denial of any claim under § 3582(c)(2).  Petitioner did not file a reply.

<u>Findings and Conclusions</u>:  Before reaching the merits of Petitioner's habeas claims, the Court must determine whether it has jurisdiction over his habeas corpus petition.  The proper method for challenging the execution of a sentence is through a habeas corpus petition under 28 U.S.C. § 2241.  *Braden v. 30th Judicial Cir. Ct. of Kentucky,* 410 U.S. 484, 494-95 (1973); *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001).  However, to entertain a habeas corpus petition pursuant to § 2241, a court must have jurisdiction over the prisoner or his custodian upon filing of the petition.  *Lee v. Wetzel*, 244 F.3d 370, 373-74 and f.n. 3 (5th Cir. 2001); *United States v. Gabor*, 905 F.2d 76, 77 (5th Cir. 1990); *Blau v. United States*, 566 F.2d 526, 527-28 (5th Cir. 1978).

Petitioner does not allege any error at or prior to sentencing; rather, he argues that the execution of his sentence as a deportable alien justifies a reduction in sentence.  It, thus, appears, that while Petitioner properly brought his petition under § 2241, it must be filed in the federal district court where he is confined.  The McRae Correctional Facility, where Petitioner is and has been confined since the filing of this action, is located in the U.S. District Court for the Southern District of Georgia.  Therefore, this Court lacks jurisdiction to consider any request from Petitioner for habeas corpus relief pursuant to § 2241.  *See Lee*, 244 F.3d at 374-75, *Blau*, 566

F.2d at 527.[1]

Petitioner also seeks relief under 18 U.S.C. § 3582(c)(2) in light of the Supreme Court's

decision in *Booker*.  Section 3582(c)(2) permits a district court to modify a prison term when it is

based on a sentencing range that has been subsequently lowered by an amendment to the U.S.

Sentencing Guidelines.  "By its plain language, § 3582(c)(2) is not implicated by a decision of the

Supreme Court that is unrelated to an actual amendment of the guidelines."  *United States v.*

*Privette*, 129 Fed. Appx. 897 (5th Cir. Apr. 29, 2005) (unpublished per curiam), *cert. denied*, 126

S.Ct. 295 (2006).  Therefore, Defendant's *Booker* claim is not cognizable in the context of a §

3582(c)(2) motion.  *See id.* (holding that defendant's *Booker* arguments were not cognizable in a

§ 3582 motion); *see also United States v. Olivares*, 162 Fed. Appx. 368 (5th Cir. Jan. 13, 2006)

(unpublished per curiam) (same); *United States v. Morrison*, 131 Fed. Appx. 46 (5th Cir. Apr. 20,

2005) (unpublished per curiam) (same); *United States v. Evans*, 125 Fed. Appx. 569 (5th Cir.

Apr. 5, 2005) (unpublished per curiam) (same).

---

[1]      Even assuming this Court had jurisdiction, Petitioner is required to exhaust
administrative remedies before filing a petition under § 2241.  *See Rourke v. Thompson,* 11 F.3d
47, 49 (5th Cir.1993); *Fuller v. Rich,* 11 F.3d 61, 62 (5th Cir. 1994); *United States v. Gabor,* 905
F.2d 76, 78 n. 2 (5th Cir.1990).  Petitioner has not established whether he exhausted his
administrative remedies.

3

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be DISMISSED for want of jurisdiction, and that any request for relief under 18 U.S.C. § 3582(c)(2) be DISMISSED with prejudice.

A copy of this recommendation will be mailed to Petitioner and counsel Respondent.

Signed this 29th day of September, 2006.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.